IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BELLE, | ) | CASE NO. 1:14 CV 159 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of James Belle for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Belle is presently incarcerated by the State of Ohio at the Grafton Correction Institution in Grafton, Ohio.[3] He is there serving a ten-year sentence for rape, sexual battery, gross sexual imposition, and kidnapping imposed in 2011 by the Cuyahoga County Court of Common Pleas after a jury conviction on those charges.[4]

---

[1] This matter was referred to me pursuant to Local Rule 72.2 by United States District Judge Solomon Oliver, Jr. in a non-document entry dated April 10, 2014.

[2] ECF # 1.

[3] ECF # 8 at 1.

[4] ECF # 1 at 3.

Belle raises four grounds for relief in his petition.[5] The State, in its return of the writ, contends that grounds one, two, and four should be denied[6] and that ground three should be dismissed as non-cognizable.[7]

For the following reasons I recommend dismissing grounds one, two, and three as non-cognizable and denying ground three after AEDPA review.

## Facts

### A.    Background facts, trial, and sentencing

The Ohio appeals court found most of the following facts relevant in its review of the record.[8] For completeness and continuity, I have included additional procedural facts, indicating the source where I have done so.

Belle was employed as a corrections officer at the Cleveland House of Corrections.[9] The victim in this case, R.S., was a transvestite inmate who was kept in the segregation

---

[5] *Id.* at 6-7.

[6] ECF # 8 at 15, 18, 23.

[7] *Id.* at 18.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF # 9 (state court record), Attachment 13, at 95 (appeals court opinion).

unit.[10] Belle was assigned to guard the segregation unit.[11] R.S. alleged that during this time in the segregation unit he was approached by Belle in his cell and slapped on the buttocks.[12] Belle asked R.S. about "head," a slang term for fellatio, and then left.[13] After this encounter, Belle returned to R.S.'s cell and forced R.S. to have oral sex with him, ejaculating into R.S.'s mouth.[14] R.S. alleged that he retained the ejaculate, hiding it in the finger of a latex glove.[15] R.S. contacted his family and reported the crime.[16]

The Highland Hills Police Department responded to the call and obtained the biological evidence.[17] R.S. was presented a photo array and provided a positive identification of Belle as the assailant.[18] R.S. also provided the police with a detailed description of Belle's

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*, at 96.

[18] *Id.*

pubic hair.[19] R.S. was taken to a hospital and was examined by a sexual assault nurse.[20] A DNA evaluation of the sample did not exclude Belle as the source of the semen.[21]

Belle provided a written statement to the police during the investigation of the crime.[22] In it, he stated that "[d]uring my shift, I had a normal workday with the inmates and nothing to report at [the] end of [my] shift."[23] During his police interview, Belle made no mention of a glove, sperm, or oral sex.[24]

In count one of the indictment, Belle was charged with rape and a sexually violent predator specification;[25] count two with sexual battery and a sexually violent predator specification;[26] count three with kidnapping and both a sexual motivation specification as well as a sexually violent predator specification;[27] and count four with gross sexual

---

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] ECF # 9-3, at 16 (indictment).

[26] *Id.*, at 17.

[27] *Id.*

imposition.[28] Belle waived his right to a jury trial for the sexually violent predator specifications in counts one, two, and three.[29]

The case proceeded to trial, at which the victim R.S. testified.[30] Belle did not take the stand in his own defense, although he did present one witness, a fellow guard from the Cleveland House of Corrections.[31] During cross-examination of the guard the prosecutor inquired about whether he knew about Belle engaging in sexual activity in the workplace.[32] Over Belle's objection, the trial court ruled that Belle's questions on direct examination opened the door for the prosecutor's inquiry on cross-examination.[33]

After the trial, the jury convicted Belle of rape, sexual battery, kidnapping with a sexual motivation specification, and gross sexual imposition.[34] Judgment of conviction was entered on November 30, 2011.[35]

---

[28] *Id.*

[29] ECF # 9-4, at 19 (defendant's waiver of jury trial).

[30] ECF # 9-18, at 142 (trial transcript, 1 of 4).

[31] *Id.*, at 143.

[32] ECF # 9-13, at 99 (appeals court opinion).

[33] *Id.*

[34] *Id.*, at 96.

[35] ECF # 9-7, at 23-24 (judgment of conviction).

-5-

**B.      Direct appeal**

**1.      *Ohio appeals court***

On December 5, 2011, Belle timely[36] filed his notice of appeal.[37] On March 9, 2012,

Belle, through the same counsel, appealed his convictions.[38] In his supporting brief, he

presented the following issues for review:

    1.      WHETHER THE TRIAL COURT ERRED WHEN IF [sic] FAILED
        TO ADMIT THE MEDICAL RECORDS OF THE APPELLANT
        THAT WOULD SHOW THAT THE PRESENCE OF SEMEN
        COULD HAVE BEEN ATTRIBUTABLE TO HIS MEDICAL
        CONDITION?

    2.      WHETHER THE TRIAL COURT ERRED IN ALLOWING THE
        PROSECUTOR TO INQUIRE OF A DEFENSE WITNESS OF [sic]
        WHETHER HE HAD HEARD THAT THE APPELLANT HAD
        ENGAGED IN OTHER SEXUAL ACTS WITH CORRECTIONAL
        OFFICERS AT THE HOUSE OF CORRECTIONS?

    3.      WHETHER THE VERDICTS HEREIN ENTERED WAS [sic]
        AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?

    4.      WHETHER THE VERDICTS OF RAPE[,] KIDNAPPING[,]
        SEXUAL BATTERY[,] AND GROSS SEXUAL IMPOSITION WAS
        [sic] LEGALLY INSUFFICIENT AS A MATTER OF LAW?[39]

---

    [36] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

    [37] ECF # 9-8, at 26 (notice of appeal).

    [38] ECF # 9-10, at 32 (appellant's assignment of errors and brief).

    [39] *Id.*, at 35.

The State filed its brief in response.[40] On August 23, 2012, the Ohio appeals court affirmed the judgment of the trial court, overruling all four of Belle's assignments of error.[41]

## 2. *Supreme Court of Ohio*

On October 9, 2012, Belle, proceeding with the same counsel that he had at trial and on appeal, timely[42] filed a notice of appeal with the Supreme Court of Ohio.[43] In his memorandum in support of jurisdiction, Belle asserted the following four propositions of law:

> Proposition Of Law No. I The Trial Court's Failure to Admit Stipulated Medical Records of the Appellant Violated his Due Process Rights Guaranteed Under the Fifth Amendment.[44]
>
> Proposition of Law No. II The Prosecutor Should not be Allowed to Inquire about a Defense Witness [sic] Knowledge of Other Sexual Activity Involving the Accused, and such Evidence Being Admitted was a 404 (B) Violation[45]
>
> Proposition of Law No. III The Verdicts Entered Herein was [sic] Against the Manifest Weight of the Evidence.[46]

---

[40] ECF # 9-11, at 76 (appellee's brief).

[41] ECF # 9-13, at 96 (appeals court opinion).

[42] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[43] ECF # 9-15, at 107 (notice of appeal).

[44] ECF # 9-16, at 117 (memorandum in support of jurisdiction).

[45] *Id.*, at 120.

[46] *Id.*, at 123.

Proposition of Law No. IV The Verdicts of Rape, Kidnapping and Gross Sexual Imposition was [sic] Legally Insufficient as a Matter of Law.[47]

The State did not file a brief opposing jurisdiction. On January 23, 2013, the Supreme Court of Ohio declined to accept jurisdiction.[48]

## C.    Federal petition for writ of habeas corpus

### 1.    The petition

Belle, through the same counsel, timely filed the present petition for a writ of habeas corpus on January 23, 2014.[49] In his petition, Belle sets forth the following four grounds for relief:

THE TRIAL COURT'S FAILURE TO ADMIT STIPULATED MEDICAL RECORDS OF THE PETITIONER VIOLATED HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS.[50]

THE PROSECUTOR'S INQUIRY ABOUT DEFENSE'S [sic] WITNESS [sic] KNOWLEDGE OF ALLEGED ACTS OF SEXUAL ACTIVITY INVOLVING THE PETITIONER, AND SUCH EVIDENCE ADMITTED WAS A 404 (B) VIOLATION AS WELL AS A DUE PROCESS VIOLATION UNDER THE FIFTH AMENDMENT.[51]

THE VERDICTS ENTERED HEREIN WAS [sic] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.[52]

_____

[47] *Id.*, at 126.

[48] ECF # 9-17, at 139 (denial of jurisdiction).

[49] ECF # 1.

[50] *Id.* at 19.

[51] *Id.* at 23.

[52] *Id.* at 26.

THE VERDICTS OF RAPE, KIDNAPPING AND GROSS SEXUAL IMPOSITION WAS [sic] LEGALLY INSUFFICIENT AS A MATTER OF LAW.[53]

**2.      *Return of the writ***

As previously noted, the State, in its return of the writ, contends that grounds one, two, and four should be denied[54] and that ground three should be dismissed as non-cognizable.[55]

## Analysis

**A.      Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.      Belle meets the "in custody" requirement of the Antiterrorism and Effective Death Penalty Act[56] ("AEDPA"), the federal habeas corpus statute vesting this Court with jurisdiction over the petition.[57] There is no dispute that Belle is currently incarcerated in state custody as the result of his conviction and sentence by an Ohio court. Likewise, there is no dispute that he was so incarcerated when he filed this petition.

2.      There is no dispute, as previously discussed, that the instant petition was timely filed under the applicable statute.[58]

---

[53] *Id.* at 29.

[54] ECF # 8 at 15, 18, 23.

[55] *Id.* at 18.

[56] 28 U.S.C. § 2254.

[57] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[58] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

3 Belle states,[59] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas corpus relief as to this conviction and sentence.[60]

4. The record reflects that these claims have been totally exhausted in Ohio courts by virtue of having been presented through Ohio's established appellate review procedure.[61]

5. Belle is represented by counsel. He has not made a motion for the appointment of counsel[62] or a motion for an evidentiary hearing.[63]

## B. Standards of review

### 1. *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[64] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[65] In such circumstances, a claim for federal habeas

---

[59] ECF # 1 at 9.

[60] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[61] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[62] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[63] 28 U.S.C. § 2254(e)(2).

[64] 28 U.S.C. § 2254(a).

[65] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[66]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[67] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[68] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[69]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[70] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[71] and may not second-guess a state court's interpretation of its own procedural rules.[72] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[73] the Sixth Circuit has recognized that "'[e]rrors

---

[66] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[67] *Estelle*, 502 U.S. at 67-68.

[68] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[69] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[70] *Id.*

[71] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[72] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[73] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

-11-

that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[74]

Specifically, the Sixth Circuit instructs that a federal habeas court is empowered to review a state court's evidentiary decision solely for its consistency with due process.[75] It explains that a state court's evidentiary ruling does not rise to the level of a due process violation, and consequently may not be reviewed by a federal habeas court, unless and until it "offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."[76] In this context the Sixth Circuit has been clear: Federal habeas review is only appropriate when such a ruling was so "egregious" that it resulted in a denial of "fundamental fairness,"thus constituting a violation of due process.[77] Moreover, the Sixth Circuit teaches that the category of infractions that violate fundamental fairness is

---

[74] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[75] *Coleman v. Mitchell*, 268 F.3d 417, 239 (6th Cir. 2001) (citing *Patterson v. New York*, 432 U.S. 197, 202 (1977).

[76] *Id.* (quoting *Patterson*, 432 U.S. at 201-02) (internal quotation omitted); *accord Duncan v. Louisiana*, 391 U.S. 145 (1968) (holding the right to trial by jury in a criminal case is so fundamental as to be applicable to the states through the Fourteenth Amendment).

[77] *Bugh v. Mitchell*, 329 F.3d 496, 513 (6th Cir. 2003).

defined "very narrowly and has cautioned that a state court's determination of due process

violations is to be approached with deference.[78]

## 2.    *AEDPA review*

AEDPA is the controlling federal statute where a state court has previously

adjudicated the merits of a claim that is now being asserted in a federal habeas petition.[79]

AEDPA provides that the reviewing court may use that claim as a basis for granting the writ

only if the state court's decision was either: (1) contrary to clearly established law as

determined by the Supreme Court, or (2) was an unreasonable application of that law.[80]

## a.    *"Contrary to" and "unreasonable application of"*

The Supreme Court clarified application of AEDPA in this context in the well-known

case of *Williams v. Taylor*.[81] In *Williams*, the Court exclusively construed application of the

"contrary[82] to" clause to situations in which the state court "arrives at a conclusion opposite

---

[78] *See Lundy v. Campbell*, 888 F.2d 467, 469-70 (6th Cir. 1989) ("The principles of federalism that empower us to do what the state courts have already done surely cannot mean that federal judges may vacate state court judgments simply because we feel differently about how fair the state trial was, or ought to have been, than did the many state judges who reviewed the case.").

[79] *See Premo v. Moore*, 562 U.S. 115, 121 (2011) ("AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains.").

[80] 28 U.S.C. § 2254(d)(1).

[81] *Williams v. Taylor*, 529 U.S. 362 (2000).

[82] *See id.* at 407 ("The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'") (internal citation omitted).

-13-

to that reached by [the Supreme Court] on a question of law," or where the state court "decides a case differently than [the Court] has on a set of materially indistinguishable facts."[83]

In *Williams,* the Court also clarified AEDPA's "unreasonable application" clause as applying to situations in which the state court correctly identifies the governing legal principle from Supreme Court precedent, but "unreasonably applies that principle to the facts of the prisoner's case."[84] The Court emphasized the difference between an "unreasonable" application of federal law and an application that is merely "erroneous" or "incorrect:"[85] "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.[86] Rather, the state court's determination must be "objectively unreasonable" in application before a federal habeas court may properly interfere.[87]

---

[83] *Id.* at 412-13; *accord Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[84] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[85] *Williams*, 529 U.S. at 410.

[86] *Id.* at 411.

[87] *See id.* at 409.

-14-

The Supreme Court teaches that this standard is both "highly deferential" to a state court's decision,[88] and is "difficult to meet."[89] Accordingly, AEDPA precludes federal habeas relief unless and until the state court prisoner is able to show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error ... beyond any possibility for fairminded disagreement."[90]

A state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established leal principle to a new context.[91]

As the Supreme Court explained in *Harrington v. Richter*,[92] a state court need not explicitly list its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[93] When a criminal defendant presents a federal claim to the state court, which the court subsequently denies absent any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the

---

[88] *Harrington v. Richter*, 562 U.S. 86, 88-89 (2011).

[89] *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013).

[90] *Id.*

[91] *Williams*, 529 U.S. at 405-07; *accord Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[92] *Richter*, 562 U.S. 86.

[93] *Id.* at 98-100.

-15-

absence of any indication or state-law procedural principles to the contrary."[94] In such circumstances, the federal habeas court must give deference to the state court decision.[95] Indeed, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[96]

## C.     Application of standards

### 1.     *Ground one – claiming that the trial court's refusal to admit the stipulated medical records violated his right to Due Process as guaranteed by the Fifth Amendment – should be dismissed as a non-cognizable state-law claim.*

Here, the State notes Belle argued that he was denied due process because of the trial court's exclusion of his medical records, both in his first assignment of error, as well as a proposition of law on direct appeal.[97] Belle sought to have his medical records admitted into evidence to show that he had previously complained of penile discharge.[98] In doing so, Belle hoped to show that a medical condition was a plausible explanation for the presence of his semen on the glove.[99] Belle argues that the trial court's unwillingness to admit the records violates his right to Due Process.[100]

---

[94] *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[95] *Id.* at 329.

[96] *Estelle*, 502 U.S. at 67-68.

[97] ECF # 8 at 9.

[98] ECF # 9-13, at 97.

[99] *Id.*

[100] ECF # 1 at 19-20.

While it is true that the prosecution stipulated to the authenticity of the medical records, the trial court ultimately ruled that records were inadmissible absent any sponsoring testimony.[101] The court found that submitting 250 pages of medical records, without any explanation, would be confusing and would mislead the jury.[102] It reasoned that it was not "within the common experience of lay people as to various types of penile discharge, enlarged prostate glands or any of this sufficient to aid the jury in coming to the conclusion" as to Belle's guilt of the crimes charged.[103]

Accordingly, since the trial court found that the records contained information that was not a matter of common knowledge, and since Belle did not put on any testimony to explain, the court did not admit the records.[104] The state court of appeals found that the trial court did not abuse its discretion in its evidentiary ruling that the records were inadmissible absent accompanying testimony.[105]

In essence, Belle's first ground amounts to a challenge of a state court's evidentiary ruling. In challenging this ruling though, he has failed to make any showing that he was denied fundamental fairness, and thus, a violation of his right to Due Process. And since "it is the state's prerogative to define what evidence is relevant to the case in the first place ....

---

[101] ECF # 9-13, at 97.

[102] *Id.*

[103] *Id.*

[104] *Id.* at 98.

[105] *Id.*

this Court must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition."[106] Absent any indication from Belle that such an interpretation has denied him fundamental fairness, this Court may not disturb the state court of appeal's confirmation of that trial court evidentiary ruling . Accordingly,  ground one should be dismissed as non-cognizable.

**2.**    ***Ground two – claiming that the trial court's permitting the prosecutor to inquire about whether Belle had engaged in other sexual activity at the workplace violations of Ohio Rule of Evidence 404(B) and the Due Process Clause of the Fifth Amendment – should be dismissed as a non-cognizable state-law claim.***

Here, the State notes that Belle presented this argument in his second assignment of error and as a proposition of law on direct appeal.[107] Belle maintains that the trial court improperly permitted the prosecution to question his witness on cross-examination.[108] Belle disagrees with the trial court's evidentiary ruling that his counsel had opened the door to subsequent inquiry by the prosecutor.[109]

On direct examination, Belle's counsel asked the witness, "[i]n connection with your jobs and your duties did you observe any inappropriate conduct on [Belle's] part during your tenure at the Cleveland House of Corrections?"[110] On the subsequent cross-examination, the

---

[106] *Miskel v. Karnes*, 397 F.3d 446, 452-53 (6th Cir. 2005) (internal citation and quotation omitted).

[107] ECF # 8 at 15.

[108] ECF # 1 at 23-24.

[109] ECF # 9-13, at 99.

[110] *Id.*

prosecutor asked "[w]ere you aware that Corrections Officer Belle had engaged in sexual activity with other guards in the officers' restroom while on duty."[111] The witness responded "[n]o."[112]

The state court of appeals found no error in the trial court's ruling, agreeing with its determination that Belle did, in fact, open the door to the contested line of inquiry.[113] The appeals court further noted that "the question itself is not evidence, and so Belle cannot object that the prosecutor's question violates Evid. R. 404. It is the answer to the question that constitutes evidence. In this case, the witness's "[n]o" response did not harm Belle's character."[114]

Similar to Belle's first ground, his second ground alleges a violation of state evidentiary law. And like his first ground, his second ground does not allege a violation of fundamental fairness. This Court does not have the power to disturb the state-court determination of its own evidentiary rules. Accordingly, and for the same reasons stated in ground one, ground two should be dismissed as non-cognizable.

---

[111] *Id.*

[112] *Id.*

[113] *Id.*, at 100.

[114] *Id.*

### 3. Ground three – claiming that the verdicts against Belle were against the manifest weight of the evidence – is a non-cognizable state-law claim.

In this ground, Belle argues that his convictions were against the manifest weight of the evidence.[115] Belle states that "the jury lost its way in convicting [him] when the evidence is reviewed as a whole and the trial and appellate courts unreasonably applied state and federal laws."[116]

While it may be true under Ohio law that the state court of appeals "sits as a thirteenth juror" and may disagree with the factfinder's resolution of conflicting testimony,[117] AEDPA precludes a federal habeas court from making or reviewing any such determination. I must therefore, flatly reject as improper, any invitation to re-determine the *possibility* that the jury lost its way or to reinterpret what the totality of the evidence *might* have showed. This Court "does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review."[118] As such, ground three should be dismissed as non-cognizable.

---

[115] ECF # 1 at 24.

[116] *Id.* at 25.

[117] *See State v. Thompkins*, 78 Ohio St. 3d 380, 387, 678 N.E.2d 541, 546-67 (1997) (construing Ohio constitution as requiring unanimous concurrence of state appeals court to overturn judgment on weight of evidence) .

[118] *Petefish v. Richland Corr. Inst.*, No. 4:13-CV-1295, 2015 WL 751027, at *2 (N.D. Ohio Feb. 18, 2015).

**4.     *Ground four – claiming that the verdicts of rape, kidnapping, and gross sexual imposition were legally insufficient as a matter of law – should be denied because the decision of the state appeals court, in rejecting this claim, was not an unreasonable application of the clearly established federal law of Jackson v. Virginia,*[119] *as confirmed by State v. Jenks.*[120]**

Belle argues that the State failed to present sufficient evidence at trial to sustain his convictions of rape, gross sexual imposition, and kidnapping.[121] Belle maintains that testimony of the victim was "simply legally insufficient to establish the charges of Rape and Kidnapping." Belle admits that R.S. stated Belle forced him to have oral sex, but Belle asserts R.S. did not provide any detail as to whether there was force or threat of force utilized.[122] Additionally, Belle states that the prosecution did not present any evidence of any weapon being used to commit the crimes and that R.S. did not allege that Belle used "physical force" during the rape or kidnapping.[123] As to his conviction for gross sexual imposition, Belle states that R.S.'s testimony was likewise insufficient.[124]

The state court of appeals summarily disagreed with and disposed of Belle's assertions.[125] In rejecting them, the court correctly identified and directly applied the clearly

---

[119] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[120] *State v Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991).

[121] ECF # 1 at 29.

[122] *Id.*

[123] *Id.*

[124] *Id.*

[125] ECF # 9-13, at 100.

established federal law from *Jackson*: In determining whether the verdict was supported by sufficient evidence, the state court of appeals determined that "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[126]

As the Supreme Court clearly established in *Jackson*, a federal habeas court must look to the applicable state law to define the substantive elements of the crime but to federal law to determine the minimum amount of evidence the Due Process Clause requires for conviction.[127] The habeas court must defer to the jury and assume that it fairly resolved conflicts in testimony, weighed the evidence, and drew reasonable inferences from the evidence presented at trial.[128]

A federal habeas court then is required to use a two-step review to determine whether the state-court determination was objectively unreasonable.[129] This analysis begins with considering whether the evidence presented at trial was sufficient to prove each element of each crime, thus sustaining conviction under *Jackson*.[130] If that is the case, then the inquiry

---

[126] *Id.*, at 100-01 (quoting *State v. Leonard*, 104 Ohio St. 3d 54, 818 N.E.2d 229, ¶ 77 (2004)).

[127] *Coleman v. Johnson*, 132 S.Ct. 2060, 2064 (2012) (per curiam).

[128] *Jackson*, 443 U.S. at 319.

[129] *See Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010).

[130] *Id.*

is over.[131] If not, and the evidence was insufficient to convict, AEDPA then requires deference to the subsequent appeals court determination that a rational trier of fact *could* have found guilt beyond a reasonable doubt.[132]

a.      *State definitions of crimes*

The Supreme Court in *Jackson* instructed federal courts to look to state law for the definition of the substantive elements of a criminal offense.[133] A jury found Belle guilty beyond a reasonable doubt of all three offenses listed in ground four: rape, kidnapping, and gross sexual imposition.[134]

> Rape is defined in § 2907.02 of the Ohio Revised Code:
>
> No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force....[135] Whoever violates this section is guilty of rape.[136]
>
> Kidnapping is defined in § 2905.01 of the Ohio Revised Code:
>
> No person, by force, threat, or deception, or in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the

---

[131] *Id.*

[132] *Id.*

[133] *Jackson*, 443 U.S. at 324 n.16 ("[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.").

[134] ECF # 9-13, at 96.

[135] Ohio Rev. Code § 2907.02(A)(2).

[136] Ohio Rev. Code § 2907.02(B).

other person[137] ... [t]o engage in sexual activity as defined in section 2907.01 of the Revised Code, with the victim against the victim's will.[138]

Section 2907.01 defines "sexual activity" as either "sexual conduct" or "sexual contact."[139]

Sexual conduct includes the act of fellatio.[140] Sexual contact is defined as "any touching of an erogenous zone of another ... for the purpose of arousing or gratifying either person."[141]

Gross sexual imposition is defined in § 2907.05 of the Ohio Revised Code:

No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when[142] ... [t]he offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.[143]

b.    *Sufficiency of the evidence*

Belle claims that the evidence presented at trial was insufficient for conviction:

[T]he record is silent as to whether there was any force or a threat of force was [sic] utilized to consummate the crime. There was no evidence of any weapons used by Mr. Belle to compel the alleged victim to perform oral sex. Nor, did the victim claim that James Belle used "physical force" to commit the crimes of Rape and Kidnapping.

---

[137] Ohio Rev. Code § 2905.01(A).

[138] Ohio Rev. Code § 2905.01(A)(4).

[139] Ohio Rev. Code § 2907.01(C).

[140] Ohio Rev. Code § 2907.01(A).

[141] Ohio Rev. Code § 2907.01(B).

[142] Ohio Rev. Code § 2907.05(A).

[143] Ohio Rev. Code § 2907.05(A)(1).

With reference to the conviction of Gross Sexual Imposition, the State failed to present any evidence supporting the alleged victim's assertion that Mr. Belle on an earlier occasion, and prior to the sexual encounter, slapped the alleged victim on the buttocks.[144]

As discussed in the previous section, the state court of appeals thoroughly addressed and properly disposed of Belle's claim. Before addressing specific facts from the case though, the court noted that a conviction of rape stands absent evidence of either force or the threat of force and that rape does not require the use of a weapon.[145] The court also remarked that contrary to Belle's assertions, there *was* sufficient evidence establishing the use of physical force presented at trial:[146]

Belle entered R.S.'s cell and engaged in sexual contact by slapping R.S.'s buttocks forcefully and using the slang expression ("head") with R.S. to indicate that he wanted oral sex. During the rape, Belle grabbed R.S. by the head and pulled R.S.'s head toward Belle's penis, restraining R.S.'s liberty for the purpose of engaging in sexual activity. The forced fellatio was non[-]consensual and against R.S.'s will.[147]

The state court of appeals thus directly applied the clearly established federal law of *Jackson* to this claim before it concluded that the evidence presented at trial was sufficient to sustain a conviction. Accordingly then, for the reasons stated, ground four should be denied on the merits because the state court's decision was not an unreasonable application of *Jackson*.

---

[144] ECF # 1 at 29.

[145] ECF # 9-13, at 101 (internal citation omitted).

[146] *Id.*

[147] *Id.*

## Conclusion

Accordingly, for the reasons stated, I recommend that grounds one, two, and three be dismissed as non-cognizable and that ground four be denied on the merits.

Dated: April 10, 2015                              s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[148]

---

[148] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).