UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BELLE, | ) | Case No.: 1:14 CV 159 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| BENNIE KELLY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

## I. INTRODUCTION

On January 23, 2014, Petitioner James Belle ("Belle" or "Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his felony convictions for one count of rape, sexual battery, gross sexual imposition, and kidnapping. ("Petition," ECF No. 1.) Petitioner raised four grounds for relief in his Petition:

(1) The Trial Court's Failure to Admit Stipulated Medical Records of the Petitioner Violated his Due Process Rights.

(2) The Prosecutor's Inquiry about Defense's [sic] Witness Knowledge of Alleged Acts of Sexual Activity Involving the Petitioner and such Evidence Admitted was a 404(B) Violation.

(3) The Verdicts entered herein was [sic] against the Manifest Weight of the Evidence.

(4) The Verdicts of Rape, Kidnapping, and Gross Sexual Imposition was [sic] Legally Insufficient as a matter of Law.

(ECF No. 1.)

This case was referred to Magistrate Judge William H. Baughman, Jr. ("Judge Baughman"

or "Magistrate Judge") for the preparation of a Report and Recommendation ("R&R"). The Respondent filed his Return of Writ on June 2, 2014 (ECF No. 8). Belle did not file a Traverse. Judge Baughman issued his R&R on April 10, 2015, recommending that the Petition be denied (ECF No. 10). Specifically, the Magistrate Judge concluded that Grounds One, Two, and Three were non-cognizable state law claims and Petitioner had not demonstrated that he was denied fundamental fairness, nor had he demonstrated that the trial court's determination was a violation of his right to due process. Judge Baughman denied Ground Four because he found that the state court decision was not objectively unreasonable or contrary to clearly established federal law. Petitioner filed Objections to the Magistrate Judge's R&R on April 24, 2015 (ECF No. 11), and filed Corrected Objections on April 27, 2015 ("Objections," ECF No. 12).

> In his Objections, Belle stated the following:
>
> (1) The Petitioner objects to the Magistrate's finding on Ground I that Belle was not denied fundamental fairness and thus a violation of his Right to Due Process. The Petitioner attempted to admit Medical records that essentially proved that the presence of semen was caused by a medical condition. Moreover, the Magistrate never dealt with the issue that the Petitioner and the State had originally stipulated to the admission of these medical records which induced counsel not to call the physician who had treated the Petitioner; Clearly these factual circumstances does rise [sic] to the level of denial of fundamental fairness;
>
> (2) Petitioner likewise objects to the Magistrate's finding that Ground II should be dismissed as a no-cognizable [sic] claim. Although the witness responses were "No" to these improper questions. Given the fact that the Prosecutor asked those questions did not make them harmless;
>
> (3) Petitioner also objects to the Magistrate's finding that [sic] Ground III that the verdicts were against the manifest weight of the evidence was a non-cognizable State Law Claim;
>
> (4) Petitioner also objects to the Magistrate's finding on Ground IV that the State Court decision on the Petitioner's sufficiency of the evidence challenge to his convictions was not an unreasonable application of ***Jackson.***

Normally, the court is required to undergo *de novo* review where a habeas petitioner files objections to the R&R. However, this rule does not extend where the objections are "general, conclusory, or frivolous." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (holding that "a district court need not provide *de novo* review where the objections are frivolous, conclusive, or general" (internal citations omitted)). Here, Petitioner's Objections merely reiterate the allegations found in his Petition; he adds nothing to support his assertions as to the supposed inaccuracy of the Magistrate Judge's findings. The court finds that Petitioner's Objections are general and conclusory, and the court is not required to conduct *de novo* review.

However, after conducting such a review of the R&R and all other relevant documents, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 10). Belle's Petition is hereby denied and final judgment is entered in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 5, 2015